UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PAMELA A.,

           Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

CASE NO. 2:23-cv-519-DWC

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the denial of her application for Disability Insurance (DIB) benefits. Pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Rule MJR 13, the parties have consented to proceed before the undersigned. After considering the record, the Court concludes that the ALJ's decision was not supported by substantial evidence and therefore that this matter must be **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this order.

## I. BACKGROUND

Plaintiff filed an application for DIB on April 2, 2020. Administrative Record (AR) 16.[1] She alleged disability beginning July 28, 2018, which she later amended to August 19, 2020. AR

---

[1] Citations to the AR reference the initially filed transcript, Dkt. 8 (AR 1–716), and the supplemental transcript filed by Defendant, Dkt. 13 (AR 717–74).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL- 1

16, 44. After her application was denied initially and upon reconsideration (AR 180–215), she filed a written request for a hearing (AR 223–24) and a hearing was held before an Administrative Law Judge (ALJ) on December 9, 2021 (AR 40–73). On March 22, 2022, the ALJ issued a written decision finding Plaintiff not disabled. AR 13–39. The Appeals Council declined Plaintiff's timely request for review, making the ALJ's decision final. AR 1–7.

## II. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of benefits if and only if the ALJ's findings are based on legal error or not supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). "We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014) (citation omitted).

## III. DISCUSSION

Plaintiff first argues that the Court should remand the case so that the ALJ can consider new evidence pertaining to her right foot injury. Dkt. 10 at 3–7. Plaintiff sustained an injury to her right foot in August 2021. AR 631. Scans showed Plaintiff had a nondisplaced fracture of one bone and reported swelling and tenderness. AR 633. Providers repeatedly described the fracture as healing. AR 640, 661, 664, 676. She was found not to meet the criterion of complex regional pain syndrome. AR 664. At times she complained of pain from walking (*e.g.*, AR 660) but in September 2021 she reported no pain from walking barefoot (AR 638).

> Disability, for the purposes of receiving benefits, is
>
> the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A); *see also* 20 C.F.R. §§ 404.1505, 404.1509. At the time of the decision, the ALJ found, Plaintiff's foot injury had not lasted 12 months nor was it expected to last twelve months. AR 18–19. The ALJ thus found, at step two, that the foot injury was an impairment not meeting the duration requirement. AR 18–19; *see also* 404.1520(a)(4)(ii). The ALJ did not consider the effects of the foot injury in evaluating Plaintiff's residual functional capacity (RFC). *See* AR 18–19, 22–32.

Plaintiff submitted evidence to the Appeals Council purporting to show that the injury persisted after the ALJ's decision was issued on March 22, 2022. The evidence shows Plaintiff continued to have muscle spasms, numbness, balance issues, and pain over the four months following the ALJ's decision. AR 96–100, 120, 144, 155, 165. Physical therapy notes from July 2022 show that she continued to have a limited range of motion, pain, swelling, and cramping. AR 758, 763. The Appeals Council found that some of the additional evidence either "d[id] not relate to the period at issue" and thus "d[id] not affect the decision," while other parts of the additional evidence "d[id] not show a reasonable probability that it would change the outcome of the decision." AR 2.

Plaintiff does not disagree that, at the time of the decision, her right foot injury was not expected to last 12 months. Dkt. 10 at 5. Rather, Plaintiff argues that the case must be remanded for the ALJ to consider the evidence presented to the Appeals Council purporting to show her foot injury persisted for more than 12 months. *Id.* at 5–10.

1     "[W]hen the Appeals Council considers new evidence in deciding whether to review a

2     decision of the ALJ, that evidence becomes part of the administrative record, which the district

3     court must consider when reviewing the Commissioner's final decision for substantial evidence."

4     *Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012). Although "'consider'

5     is a term of art in this context," *Linden v. Colvin*, 2017 WL 275364 at *9 (W.D. Wash. Jan. 20,

6     2017), Defendant does not argue that the evidence submitted to the Appeals Council was not

7     considered or otherwise did not become part of the record which this Court must review, *see* Dkt.

8     14 at 3–5.

9     Thus, the issue is whether, considering the additional evidence submitted to the Appeals

10    Council, the ALJ's determination at Step Two—that Plaintiff's foot injury was not a severe

11    impairment meeting the duration requirement—was supported by substantial evidence. An ALJ

12    can disregard an impairment at step two either if it is not severe or if it does not meet the

13    duration requirement. *See* 20 C.F.R. § 404.1520(a)(4)(ii). "[T]he step-two inquiry is a de

14    minimis screening device to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273,

15    1290 (9th Cir. 1996) (citing *Bowen v. Yuckert*, 482 U.S. 137, 153–54 (1987)). In considering

16    whether the decision is supported by substantial evidence, this Court "must consider the entire

17    record," including the new evidence submitted to the Appeals Council, "as a whole, weighing

18    both the evidence that supports and the evidence that detracts from the Commissioner's

19    conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).

20    Given this standard, the Court finds that—considering the new evidence—the ALJ's

21    decision is not supported by substantial evidence. The evidence before the ALJ merely showed

22    that the foot injury was expected to heal. AR 640, 661, 664, 676. The newer evidence shows that

23    the injury did not follow such a trajectory—Plaintiff continued to have pain in her leg brought on

24

by walking and standing for long periods of time for nearly twelve months. AR 96–100, 120, 144, 155, 165, 758, 763. Furthermore, the evidence before the ALJ showed that Plaintiff still had pain when she walked (AR 660) and the evidence before the Appeals Council showed that this continued (AR 758, 763). The only evidence supporting the ALJ's findings, therefore, are prognoses that appear to have been subsequently disconfirmed. This is not "evidence [that] a reasonable mind might accept as adequate to support" the conclusion that Plaintiff's injury would heal within 12 months. *Biestek*, 139 S. Ct. at 1154.

Defendant argues the new evidence is unpersuasive because it is based on subjective complaints, and the ALJ discounted Plaintiff's subjective complaints. Dkt. 14 at 6. The ALJ's determinations with respect to subjective complaints must be specific—"[t]he ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion." *Smolen v. Chater*, 80 F.3d 1273, 1283–84 (9th Cir. 1996) (citing *Dodrill v. Berryhill*, 12 F.3d 915, 918 (9th Cir. 1993)). Because the ALJ's determinations with respect to her subjective complaints are not specific to her foot injury, those reasons cannot be applied to reject Plaintiff's statements about that injury.

Defendant argues the new evidence is unpersuasive because it reflects that Plaintiff underwent physical therapy, a "conservative treatment that undermines a claim for disability." Dkt. 14 at 6 (citing *Smartt v. Kijakazi*, 53 F.4th 489, 500 (9th Cir. 2022)). It is true that physical therapy can be a conservative treatment, *Smartt*, 53 F.4th at 500, and that a course of conservative treatment can be a valid reason to "discount a claimant's testimony regarding severity of an impairment" under certain circumstances, *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (quoting *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995)). But the Court is not reviewing whether the ALJ properly evaluated testimony about the severity of Plaintiff's foot

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL- 5

1 impairment. Rather, the Court is evaluating whether the ALJ erred in not considering the
2 impairment altogether. The need to undergo treatment for an impairment is strong evidence
3 supporting that impairment's existence.

4     Defendant argues some of the evidence submitted to the Appeals Council "supports the
5 ALJ's findings that [Plaintiff's] ankle injury was not expected to last for 12 months." Dkt. 14 at
6 6. Defendant cites an exam from March 2022 finding normal lower extremities and gait (AR
7 136, 140) but this exam pertained to Plaintiff's back and leg pain, not her right foot injury.
8 Defendant points to treatment notes indicating that Plaintiff improved (AR 128, 153), but this
9 evidence does not establish that her impairment improved such that it no longer prevented her
10 from performing workplace activities. Defendant points to evidence that Plaintiff had walked in a
11 local parade and stood on her feet while selling cooking, Dkt. 14 at 6 (citing AR 144, 757), but
12 this evidence showed Plaintiff reported cramping (AR 144) and foot pain (AR 757) from doing
13 so, consistent with her foot impairment.

14     Defendant argues that the new evidence does not relate to the relevant time period
15 because it post-dates the ALJ's decision and, therefore, cannot affect the decision's validity. *See*
16 Dkt. 14 at 4–5. The ALJ's decision found Plaintiff was not disabled through March 22, 2022. AR
17 34–35. Defendant argues that, because Plaintiff's impairment was not expected to last 12 months
18 as of the date of the decision, it cannot have been a disabling impairment during the relevant time
19 period, even if new evidence discredits that expectation. *See id.*

20     This argument assumes an interpretation of the duration requirement in which the
21 expectation of how long an impairment will last cannot be measured with the benefit of
22 hindsight. The Court disagrees with this interpretation. This interpretation is not compelled by
23 the statute—the "language 'can be expected to last' 12 months . . . simply does not say as of
24

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL- 6

what time the law measures the 'expectation.'" *Barnhart v. Walton*, 535 U.S. 212, 224 (2002). "[R]ead in context, the purpose of the phrase 'can be expected to last'" is "not one denying the Agency the benefit of hindsight." *Id.*

The Court notes that the Supreme Court has previously deferred to the Commissioner's inconsistent interpretation of the duration requirement in another context. *Barnhart*, 535 U.S. at 215, 222–24. Under the regulations upheld there, if a claimant engages in substantial gainful activity within 12 months of the onset of their impairments, the Commissioner does not "look back to decide hypothetically whether . . . the 'inability' [to engage in SGA] *might have been expected to last that long*," *Barnhart*, 533 U.S. at 215 (emphasis in original), but rather finds the claimant not disabled because the inability did not, in fact, last 12 months. *See* 20 C.F.R. §§ 404.1592(d)(2)(iii); 404.1520(a)(4)(i). If the Commissioner can assess, post hoc, that a claimant did not meet the duration requirement, as the regulations at issue in *Barnhart* allowed him to do, there is no reason why the Agency cannot also assess, post hoc, that a claimant met that requirement. *Cf. Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 212–13 (1988) (rejecting interpretation by administrative agency "contrary to the narrow view of that provision advocated in past cases" and reflected in "past [regulatory] implementation of that provision").

Defendant's Hearings, Appeals, and Litigation Law Manual (HALLEX) confirms this interpretation. In the context of reopening a case, it provides the following example of "new and material evidence" which "relates to the period on or before the date of the determination" and "shows facts that would have resulted in a different conclusion."

> New medical evidence shows that the original medical prognosis did not prove to be accurate and that an allowance based on a prior application is warranted; e.g., the prior adjudicator believed that the claimant's broken hip would be healed within 12 months, but later medical evidence shows that the broken hip had not healed sufficiently within 12 months to permit the claimant's return to substantial gainful activity.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL- 7

HALLEX 1-3-9-40. This example reflects an interpretation of the duration requirement permitting Commissioner to consider retrospective evidence showing that a condition was likely to last more than 12 months. Although HALLEX has "no binding legal effect," "as an Agency manual, [it] is 'entitled to respect' . . . to the extent that it has the 'power to persuade.'" *Clark v. Astrue*, 529 F.3d 1211, 1216 (9th Cir. 2008) (quoting *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944) and *Christensen v. Harris County*, 529 U.S. 576, 587 (2000)). For these reasons, the Court does not find that Plaintiff's new evidence is rendered irrelevant merely because it post-dated the ALJ's decision.

In sum, considering the new evidence available to the Appeals Council, the Commissioner's decision is not supported by substantial evidence and must be reversed and remanded. Defendant also argues that the ALJ erred with respect to her assessment of the medical opinions of two state agency medical consultants. *See* Dkt. 10 at 8–16. The Court declines to evaluate this argument. Instead, on remand, the ALJ must reassess all of the medical evidence and medical opinions in the record.

## IV. CONCLUSION

For the foregoing reasons, the Court **REVERSES and REMANDS** the decision pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Order.

Dated this 11th day of December, 2023.

David W. Christel
Chief United States Magistrate Judge